**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1378-17T3

D.J.,

     Plaintiff-Respondent,

v.

T.L.,

     Defendant-Appellant.

_____

           Submitted December 4, 2018 – Decided  January 9, 2019

           Before Judges Geiger and Firko.

           On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FD-03-1274-14.

           Felsenfeld & Clopton, PC, attorneys for appellant (Howard L. Felsenfeld, on the brief).

           Martone Law Group, LLC, attorneys for respondent (Kelli M. Martone, on the brief).

PER CURIAM

Defendant T.L.,[1] father, appeals from an October 4, 2017 order modifying the parenting time schedule for the parties' son, K.L.,[2] arguing there was no plenary hearing or finding of a substantial change of circumstances to warrant the modification. After consideration of the record and relevant law, we affirm.

I.

A brief dating relationship between the parties resulted in the birth of their son, K.L., now five years old. Before K.L. was born, the parties separated and never lived together as a family. In response to a non-dissolution application filed by plaintiff D.J., K.L.'s mother, defendant filed a cross-application seeking custody and parenting time. On August 13, 2014, a prior judge noted that: "[d]efendant seeks reconsideration of support order and split custody[.]"[3] That judge ruled as follows:

> Based upon sworn testimony, parties granted joint legal custody with [p]laintiff designated Parent of Primary Residence (PPR) and [d]efendant designated Parent of Alternate Residence (PAR). Defendant's parenting

---

[1] We use initials to protect the identity of the parties and the minor child.

[2] K.L.'s date of birth is December 26, 2013.

[3] This prior order is not a part of this record. Based upon our review of the record before us, the reference to "split" custody is inaccurate because a fifty-fifty parenting time arrangement was never implemented. Therefore, we view this as a joint custody case.

2

time shall be alternate weekends from 6:00 [p.m.] Friday to 6:00 [p.m.] Sunday; every Wednesday evening after practice until 7:00 p.m.; anytime at the babysitter/daycare as his schedule allows. Defendant may pick-up the child at daycare and return the child to [p]laintiff at the Wawa on Route 541 in Burlington Township. Defendant shall provide (high school) regular basketball and practice schedule to [p]laintiff by Monday August 18, 2014. Plaintiff consents to maintain medical coverage for the minor child. Defendant's request to re-calculate child support guidelines due to increase in [p]laintiff's salary is denied, based upon guideline figures calculated previously.

Another order was entered on December 10, 2014 by the prior judge, absent a hearing, increasing defendant's parenting time to include every Wednesday overnight with a drop off to K.L.'s daycare on Thursday morning. The order also directed defendant to serve copies of his 2014 W-2 forms and tax returns by February 15, 2015, and further provided that: "[a]ll other visitation orders are still in effect. [Child support] [g]uidelines are rerun per the [defendant's] request." The re-calculation resulted in a downward modification of defendant's prior child support from $210 weekly ($192 basic child support and $18 towards arrearages) to $103 weekly, retroactive to September 11, 2014.

Plaintiff claimed defendant really never had an interest in parenting their child, as evidenced by the fact that visitation did not become an issue until her child support application was filed nine months after K.L.'s birth. She contends

3

that he has seven children and a hectic schedule, including teaching and coaching basketball. Pick-ups and drop-offs were problematic. Oftentimes, defendant's mother or sister would show up to exchange the child in his stead, to the chagrin of plaintiff. After being addressed by the court, defendant was ordered to be present for exchanges with his sister. He defied the order by either not showing up or having his sister appear alone. In plaintiff's view, defendant's contumacious behavior and aggression led to his preclusion from the child's day care centers. He threatened to sue one of them.

Once K.L. enrolled in the Burlington County Early Intervention Program, defendant was described as being "aggressive" and "problematic" with the staff, including the child's speech therapist. Oftentimes defendant was late getting K.L. to the school bus stop and he did not provide him with a nutritious lunch, resulting in Lydia Lopez, in her capacity as an Early Childhood Educator, writing to plaintiff about it. Lopez's letter also states that defendant did not supply an "actual lunch" and "[j]uice, pudding and chips" do not suffice for a healthy meal. Plaintiff also claims defendant rarely drove the child to his swimming lessons and activities, which she had to pay for regardless of whether he attended same. Defendant frequently moved and did not disclose his new addresses to plaintiff, even though they were joint custodial parents, in

contravention of basic co-parenting principles. Instead of spending his parenting time with K.L., defendant's mother would often babysit him alone. Defendant was also substantiated for abuse and neglect with respect to another one of his children, causing great concern to plaintiff. The parenting time was described as a "circus" by plaintiff's counsel at oral argument.

Because the parties continued to have conflicts, the prior judge entered an order on July 15, 2015, extending defendant's parenting time to include a Sunday overnight on his weekends until Monday mornings, dropping the child off at daycare whenever possible, in order to avoid contact between the parties. This FD order was entered in the aftermath of two domestic violence restraining orders being entered,[4] and was an attempt by the judge to limit confrontation between the parties. No plenary hearing was conducted to effectuate this change and the parties did not object to the modification.

Defendant denied missing his parenting time or having problems with exchanging the child. At the July 15, 2015 hearing, the prior judge tersely stated: "So now, [T.L.], [you have] heard everyone's concerns . . . . Parenting

---

[4] The domestic violence orders were entered following a physical altercation between the parties at a hospital where K.L. was being treated for burns he suffered during defendant's parenting time.

A-1378-17T3

time is parenting time . . . . So you don't show up [I will] cut you off at the knees."

T.L. raises three points on appeal.

> I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS FAILURE TO REQUIRE A HEARING TO DETERMINE FACTUAL DISPUTES OF THE PARTIES' CONFLICTING CERTIFICATIONS AND TO FURTHER DETERMINE THE BEST INTEREST OF THE CHILD AS TO THE PARENTING TIME SCHEDULE.
>
> II. THE TRIAL COURT ERRED IN MODIFYING THE PARENTING TIME SCHEDULE WITHOUT A SHOWING OF CHANGE OF CIRCUMSTANCES BY THE PLAINTIFF AND [IN] ACCORDANCE WITH THE ESTABLISHED LAW OF NEW JERSEY.
>
> III. THE COURT FAILED TO MAKE ADEQUATE FINDINGS OF FACT AND CONCLUSIONS OF LAW CONSISTENT WITH RULE 1:7-4.

II.

The scope of appellate review of a trial court's findings of fact is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Id. at 413. A reviewing court will only disturb the findings when they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to

offend the interest of justice[.]"  Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Twp. of No. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).

We first address defendant's contention in Point I of his brief, that the trial court should have ordered a plenary hearing in order to resolve conflicting statements in the parties' certifications and to determine a parenting time schedule, utilizing the best interest standard.

It is well-established that a plenary hearing is necessary when a genuine issue exists as to a material fact.  Tretola v. Tretola, 389 N.J. Super. 15, 20 (App. Div. 2006) (citing Fusco v. Fusco, 186 N.J. Super. 321, 329 (App. Div. 1982)). A plenary hearing is only necessary to resolve a genuine issue of a material fact, as "trial judges cannot resolve material factual disputes upon conflicting affidavits and certifications."  Harrington v. Harrington, 281 N.J. Super. 39, 47 (App. Div. 1995); see Eaton v. Grau, 368 N.J. Super. 215, 222 (App. Div. 2004). A plenary hearing is usually appropriate before the entry of an order affecting the custody of a child.  See Fusco, 186 N.J. Super. at 327-29.

Fifteen hearings and twelve orders were entered by the time the successor judge reduced defendant's parenting time on October 4, 2017, to weekends only.

When the parties appeared for oral argument that day, both were represented by counsel, and the judge took some limited testimony. The trial judge decided:

> The application to modify the current order for the [d]efendant's parenting time, is granted. The [d]efendant shall have weekend parenting time only, for the reasons stated on the record, [a]nd based on the [c]ourt's findings as to the credibility of the parties. Pick up and drop off shall be in accordance with the prior order. The application of the [p]laintiff for counsel fees is granted, the [d]efendant shall be responsible for $500 to be paid within [forty-five] days to [p]laintiff's attorney. The application of the [plaintiff] [m]other to be allowed to obtain a passport for the child. The [p]laintiff may obtain the passport without the permission of the [d]efendant [f]ather.

The trial judge stated on the record that he spent three hours reviewing the extensive record and that he developed a feel for the case. In his well-reasoned oral opinion, the judge found:

> I've considered the argument of counsel, I've considered the testimony of the witnesses, I've noted the demeanor of the plaintiff and I've noted the demeanor of the defendant. I've also reviewed the certifications and the submissions of counsel and the [twelve] prior orders that are present in this case.
>
> The plaintiff's demeanor in this matter has been calm, cool and collected. She has maintained her composure throughout. I find that she is more credible with regard to the defendant's appearances at the pickup and dropoff than the defendant. The defendant's demeanor has been perhaps passionate and - - but argumentative. He has interrupted his attorney.

8

And the record does seem to reflect that there has been difficulties with daycares such that there are three daycares that there have been difficulty with so there does appear to be a pattern.

. . . .

All right, so I do find it more credible that the plaintiff's testimony with regard to the difficulties of pickup and dropoff. It does seem that it is a large problem. And the [c]ourt's . . . sense of the case is that the fact that the defendant is requesting that his fiancé participate in the pickup and dropoff causes a problem for the plaintiff in that there are differences that go into the employment situation into her employment and that defendant is - - so I will enter an order in which I will alter the parenting time arrangement such that it will be on the weekends only and that the weekday parenting time will be changed and I will make the amendment to the child support obligation because of that.

The record that I have in front of me and the testimony that I have from the parties is just such that I find the plaintiff to be more believable as to the defendant's ability or inability to comply with the prior orders of the [c]ourt so that will be my decision and we will calculate the child support obligation accordingly. So I will reduce the parenting time.

III.

We have no quarrel with the judge's exercised discretion in not holding a plenary hearing. We defer to the trial judge's determination as to whether to schedule a plenary hearing. Jacoby v. Jacoby, 427 N.J. Super. 109, 123 (App. Div. 2012). Given the judge's discrete findings of fact, his extensive record

9

review, and questioning of the parties, we do not view defendant's contention that there were "conflicting" certifications warranting a hearing to have any merit. Any doubts in the trial judge's mind were resolved after hearing extensive oral argument and querying the parties. Where a prior court order exists specifying the terms of residential custody and parenting time, a parent seeking to alter those terms has the burden of demonstrating a material change in circumstances that affects the welfare of the child. Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (citing Borys v. Borys, 76 N.J. 103, 115-16 (1978)).

In defining what constitutes a "material" change in circumstances, this court has provided fact-specific scenarios: an "evidentiary hearing [was] required prior to entry of order of joint custody and unsupervised visitation with father who had been accused of sexually abusing his child." Id. at 106 (citing P.T. v. M.S., 325 N.J. Super. 193, 215 (App. Div. 1999)); see Mackowski v. Mackowski, 317 N.J. Super. 8, (App. Div. 1998) (holding that a father's motion to transfer custody of sixteen-year-old daughter should not have been decided without a plenary hearing); see also Fusco, 186 N.J. Super. at 329 (holding that a plenary hearing was necessary to ascertain parameters of visitation for a father

10

who was serving a thirty-two-year prison term for first-degree murder). These circumstances are far more compelling than the issues in the present case.

Here, the record amply supported the judge's decision to modify parenting time and essentially revert the schedule back to the original order entered in this matter. Because the proofs were insufficient to warrant a plenary hearing, we find no abuse of discretion by the trial judge. Hand, 391 N.J. Super. at 112. Defendant failed to present a factual dispute or a material change in circumstances for which a plenary hearing would be helpful in reaching resolution. Fusco, 186 N.J. Super. at 329.

IV.

In his next point heading, defendant argues that the trial judge erred by modifying parenting time absent a showing of changed circumstances. We have considered his arguments in light of the record and controlling legal principles and do not find them persuasive.

"The Family Court possesses broad equitable powers to accomplish substantial justice." Finger v. Zenn, 335 N.J. Super. 438, 446 (App. Div. 2000) (citing Weitzman v. Weitzman, 228 N.J. Super. 346, 358 (App. Div. 1988)). We "accord great deference to discretionary decisions of Family Part judges." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (citing Donnelly v.

11

Donnelly, 405 N.J. Super. 117, 127 (App. Div. 2009)). Such discretion "takes into account the law and the particular circumstances of the case before the court." Ibid. (internal quotation marks omitted) (quoting Hand, 391 N.J. Super. at 111). However, we will not defer to a family court's decision where the court abused its discretion. See, e.g., State ex rel. J.A., 195 N.J. 324, 340 (2008). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Milne, 428 N.J. Super. at 197 (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). The family judge's legal decisions are subject to this court's plenary review. Crespo v. Crespo, 395 N.J. Super. 190, 194 (App. Div. 2007).

We find no error here. No prima facie showing was made that there was a substantial change of circumstances, or anything material warranting discovery or a plenary hearing.

V.

Turning to defendant's third point heading, Rule 1:7-4(a) clearly states that a trial "court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." See Shulas v.

12

Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006) (requiring an adequate explanation of basis for court's action). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). The failure to provide findings of fact and conclusions of law "constitutes a disservice to the litigants, the attorneys and the appellate court." Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Board of Adjustment, 141 N.J. Super. 1, 4 (App. Div. 1976)).

From our review of the record, we are satisfied that the judge made adequate findings of fact. He assessed credibility by observing the parties' demeanor and considering their testimony. Defendant failed to comply with multiple prior court orders directing him on parenting issues, specifically being present and not delegating his responsibilities to family members. Plaintiff testified that defendant missed "four visits" between July 5 and October 4, 2017, and he "was under narcotics for one visit." He was not present for pickups according to plaintiff's testimony found credible by the judge. Defendant testified that his mother and sister were no longer available for exchanges and

13

the location was changed to the Westampton Police Station for that reason, and in his view, "there was no need for a third-party."

In light of the minor change in parenting time made in eliminating defendant's Wednesday overnights, we find appropriate findings were made by the trial judge and no error.

VI.

In his brief, defendant argues that the trial judge failed to address modification of child support in light of plaintiff's increased income that was included in his motion for reconsideration. While defendant did not raise this latter issue in a point heading to be argued in his brief as required by Rule 2:6-2(1), we will address it.

Child support is necessary to ensure that parents provide for the "basic needs" of their children. Pascale v. Pascale, 140 N.J. 583, 590 (1995). A party seeking modification of a child support obligation has the burden of demonstrating a change in circumstances warranting an adjustment. Lepis v. Lepis, 83 N.J. 139, 157 (1980). The decision must be made in accordance with the Guidelines and the best interests of the child. See Caplan v. Caplan, 182 N.J. 250, 266 (2005). The trial court's discretion in determining the amount of child support is limited by the foregoing principles and the Guidelines, which

A-1378-17T3

are designed to result in a fair allocation of the parental responsibility to provide appropriate child support given the parents' resources. See Id. at 267-68.

The parties are required to file updated matrimonial case information statements in support of an application to modify child support. R. 5:5-4(a). Defendant failed to do that, therefore, the issue is not properly before us. Notwithstanding that deficiency, the judge stated on the record that "defendant did not comply with my order of July 5th, 2017 to provide proof that Tayasha[5] was a student within [fourteen] days of that order." Relief was apparently given to defendant without his providing the necessary documentation.

Additionally, both parties have children from other relationships. The Other Dependent Deduction (ODD) was apparently calculated for plaintiff but not for defendant in reviewing the Child Support Guidelines Worksheets submitted in the appendices.

The child support calculation cannot be viewed in a vacuum here. Adjustments are appropriate for the support of other legal dependents when addressing multiple family obligations. Child Support Guidelines, Pressler &

---

[5] Defendant's child from another relationship. The record indicates that she attended Montclair State University.

 A-1378-17T3

Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A at P10(a) and (b), www.gannlaw.com (2017). The issue has been decided by this court:

> The Guidelines require the court to consider multiple family obligations to obtain an equitable resolution that does not favor any family. The Guidelines also anticipate an adjustment when an obligor must support more than one family. Pursuant to the Guidelines, prior child support orders must be deducted from an obligor's weekly income because such an obligation "represents income that is not available for determining the current child support obligation . . . ." Thus, "the amount of such orders must deducted from the obligor's total weekly [a]djusted [g]ross [t]axable [i]ncome."
>
> [Harte v. Hand, 433 N.J. Super. 457, 462 (App. Div. 2013) (citations omitted).]

Defendant's application was never properly before the trial court for these reasons, and therefore, we cannot reach this remaining issue on appeal. The parties may file whatever applications they deem appropriate with the trial court to address child support.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION